WILLIAM L. PRUSINER, Appellee, v. SAMUEL HOLSBERG, Appellant.

**Agency:** FINDINGS OF FACT: CONCLUSIVENESS: EVIDENCE. Findings of the court in a law action have the same force as the verdict of a jury, and if they have substantial support in the testimony will be accepted as conclusive on appeal. In this action to recover an· agent's commission, the evidence is held to sustain the finding of the lower court that defendant employed plaintiff to find a purchaser for his stock of goods, and that plaintiff found a customer to whom a sale was made.

**Same:** PRODUCTION OF PURCHASER ABLE AND WILLING TO BUY. The fact that an agent produces a prospective purchaser who is not financially able to buy without assistance, and the sale and transfer was finally made to such party and another who furnished the balance of the capital, will not defeat the agent's right to his commission, where the facts were known to and discussed with the principal before the sale was made, both by the agent and the purchasers.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, FEBRUARY 18, 1913.

ACTION at law to recover a commission alleged to have been earned by plaintiff in negotiating a sale of defendant's property. Trial to the court without a jury. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Harding & Oliver,* for appellant.

*D. C. Browning* and *U. G. Whitney,* for appellee.

WEAVER, C. J.—The petition alleges that defendant, being the owner of a stock of goods which he desired to dispose of, requested and authorized plaintiff to find a purchaser therefor, and agreed to pay a reasonable compensation for services so rendered. It is further alleged that plaintiff, acting under said authority, did in fact find and send to defendant a purchaser to whom a sale was effected, and that plaintiff thereby became entitled to receive from defendant a commission of $462.50, no part of which has been paid. The defendant, answering the claim, denies that he ever requested or employed the plaintiff to find a purchaser for the goods, and denies that plaintiff did find or produce the purchaser to whom the sale was made or that he was, in any manner, instrumental in making the same. It will be seen from this statement that the issues turn upon two questions of fact: Did the defendant request or authorize the plaintiff to find and produce a purchaser for the stock of goods? Did the plaintiff find and produce to the defendant the customer to whom the sale was made?

The findings of the trial court upon these inquiries must

1. AGENCY: findings of fact: conclusiveness: evidence.

be given the same effect as the verdict of a jury thereon, and, if they have any material support in the testimony, we are required to accept them as conclusive.

That defendant did authorize plaintiff to find him a purchaser is sworn to unequivocally by the plaintiff. In this statement he is corroborated by the testimony of his wife and by other testimony of defendant's alleged statements and admissions. This testimony is denied by defendant, who questions its credibility and reasonableness, but of these matters the trial court was the sole judge, and it must be taken by us as established that defendant constituted plaintiff his agent to find and produce a buyer for the property.

The remaining question, whether plaintiff did, in truth, perform any service in bringing about the sale of the prop-

erty for which he is entitled to compensation, is also fore-
closed by the finding of the court below,
unless it is to be held as a matter of law that
his showing of service performed is insuffi-
cient to support a recovery in his favor. The point upon
which appellant relies in this connection is that, while plain-
tiff swears that he found and sent to the defendant as a
prospective purchaser one John Cohen, the subsequent sale
was not made to this person, but to John Cohen and J. H.
Cohen jointly, and that upon such a sale no right to demand
a commission was acquired by the plaintiff. The testimony
of plaintiff, as a witness in his own behalf, is in sub-
stance that he informed defendant he had a customer
for the property in the person of John Cohen. Defendant
replied that he did not believe Cohen was able to make the
purchase, and to this plaintiff responded that Cohen had
some $6,000, and, if more was needed, he had relations who
would help him out. Among the relations so mentioned was
a brother Joseph Cohen, or, as he is known in the record, J.
H. Cohen. Upon this assurance by plaintiff he says defend-
ant told him to go ahead, and, acting upon the suggestion,
he again saw John Cohen, and sent him to defendant. The
sale was made to John Cohen and J. H. Cohen jointly; the
purchase price, in excess of the cash payments, being secured
by their notes.

Appellant insists as a proposition of law that where the
purchaser produced by an agent or broker is not able, ready,
and willing to buy the property, and thereafter a partnership
is formed between such customer and another person, to which
a sale is subsequently made without the intervention of such
agent or broker, no right to a commission is thereby created.
The proposition as thus stated may be admitted, but the case
at bar does not fall within the rule. It is the theory of plain-
tiff's case, and there is evidence to the effect, that when the
name of John Cohen, as a prospective purchaser, was dis-
cussed between the parties, his inability to pay the entire pur-

2. SAME: produc-
tion of pur-
chaser able and
willing to buy.

chase price was practically conceded and that upon plaintiff's statement that Cohen's brother was rich, and would doubtless assist him in the matter, defendant told him to go ahead. He did so, and the negotiation so begun resulted in the sale. The authority given plaintiff to go ahead with the effort to sell to Cohen contemplated his personal inability to pay the entire price and his procurement of assistance from his brother. Defendant himself testifies that, when J. H. Cohen came to him with John and proposed to join in the purchase, he (J. H. Cohen) said: "I like to help out a little, my brother." This is not a case where a purchaser produced by an agent proves unable to buy on the terms proposed, and thereafter without the intervention of the agent a sale is made to a partnership or syndicate of which the proposed purchaser is a member, but is rather a case where both principal and agent know in advance the inability of the purchaser to complete the deal without assistance, and the negotiation is continued with the expectation or hope of his procuring the necessary assistance. This having been accomplished, the fact that the title passes to the person first proposed as a purchaser jointly with the third person, who supplies the needed cash or credit to perfect the purchase, makes it none the less a sale, accomplished through the effort or procurement of the agent, within the contemplation of the authority given him by the principal. None of the authorities cited by appellant are inconsistent with this conclusion.

We find no error in the record. The testimony fairly supports the judgment appealed from, and it is therefore *Affirmed.*